# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| RICHARD J. MARRAPESE JR., et al., | CASE NO. 13cv947-LAB (BGS) |
|---|---|
| Plaintiffs, | **ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*;** |
| vs. | |
| UNIVERSITY OF CALIFORNIA BOARD OF REGENTS, et al., | **ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL** |
| Defendants. | **ORDER OF DISMISSAL** |

Plaintiff Richard Marrapese, Jr. filed his complaint in this action, along with a motion to proceed *in forma pauperis* (IFP), and a motion for appointment of counsel.

The IFP motion says Marrapese has $18,000 in a savings account, but predicts that he will need that money in the next nine months to support himself. He believes he will no longer be able to earn a living because Defendants have rendered him unemployable. The complaint doesn't offer any explanation why Marrapese is unemployable, why he expects his unemployable status to remain unchanged, or why Defendants' actions are responsible for this. Instead, it deals with events surrounding Marrapese's father's hospitalization, and Marrapese's being kept from his father's hospital room.

The motion to proceed IFP is **DENIED**, because Marrapese has adequate resources to pay the filing fee. *See Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 339 (1948).

Marrapese also filed a motion for appointment of counsel. He used a form to make this motion, but left the form completely blank except for his signature. The complaint itself expresses the desire that an attorney be appointed to represent Marrapese's deceased father, a putative plaintiff in this action. This incomplete request is **DENIED**.

Even if the Court were to grant Marrapeses motion to proceed IFP, it would be required to screen his complaint and to dismiss it, to the extent it failed to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). The Court is also obligated to examine its own jurisdiction, regardless of whether either party raises the issue, and to dismiss the complaint if jurisdiction is lacking.  *See Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011) (en banc).

The complaint alleges that Marrapese Jr.'s father, Richard J. Marrapese, Sr., was given inappropriate medical treatment or denied appropriate treatment while hospitalized and on life support at the University of California, San Diego Medical Center. It alleges that medical staff kept the two apart, ordering Marrapese, Jr. not to go to Marrapese, Sr.'s room and, at some point, ordering that he be examined by a psychiatrist. Although the complaint mentions violation of civil rights and violations of the Americans with Disabilities Act, the allegations in the complaint don't support either claim. Rather, it appears Marrapese, Jr. is bringing a state-law claim for medical malpractice and possibly other tort claims arising under state law. There does not appear to be any federal question, the parties are not diverse, and there does not appear to be any other basis for the Court's exercise of jurisdiction here.

Furthermore, because he is deceased, Marrapese, Sr. lacks the capacity to sue. It may be that the executor or administrator of Marrapese, Sr.'s estate can bring claims on his behalf, assuming they were not extinguished when he deceased. *See Karras v. Teledyne Industries, Inc.*, 191 F. Supp. 2d 1161, 1170–73 (S.D.Cal., 2002). But Marrapese, Jr. is not suing as administrator or executor of his father's estate.

Even if the executor or administrator of Marrapese, Sr.'s estate were to sue, it isn't clear what claims he or she might bring that this Court would have jurisdiction over. Instead, it appears the claims the administrator or executor would bring are grounded in state law.

    The complaint is **DISMISSED WITHOUT PREJUDICE**. Within 28 calendar days of the date this order is issued, Marrapese, Jr. may first pay the filing fee and then file an amended complaint correcting the defects this order has identified. If he does not believe he can successfully amend, he need not do anything. If Marrapese, Jr. does not both pay the filing fee and file an amended complaint within the time permitted, this action will remain dismissed.

**IT IS SO ORDERED**.

DATED: April 22, 2013

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge