# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD J. MARRAPESE JR., et al., | CASE NO. 13cv947-LAB (BGS) |
| Plaintiffs, | **ORDER DISMISSING AMENDED COMPLAINT** |
| vs. | |
| UNIVERSITY OF CALIFORNIA BOARD OF REGENTS, et al., | |
| Defendants. | |

Plaintiff Richard Marrapese, Jr., proceeding *pro se*, filed his complaint on April 19, 2013, bringing his own claims as well as those of a putative Plaintiff, his deceased father Richard Marrapese, Sr. Although the complaint mentioned Marrapese, Sr.'s own claims, neither his estate nor the executor nor administrator of his estate is named as a party.

Marrapese, Jr. moved to proceed *in forma pauperis*, and for appointment of counsel, which the Court denied. The Court also dismissed the complaint, identifying defects in it that appeared to deprive the Court of jurisdiction, but permitted him to file an amended complaint.

Marrapese, Jr. has now filed his amended complaint, and it appears the Court lacks jurisdiction over it as well. The Court is obligated to examine its own jurisdiction, regardless of whether either party raises the issue, and to dismiss the complaint if jurisdiction is lacking. *See Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011) (en banc).

/ / /

As pointed out in the Court's order dismissing the original complaint, Marrapese, Jr. lacks standing to sue on behalf of his deceased father. Furthermore, he cannot represent his father's estate in bringing any claims his father's estate might have had, even assuming they were not extinguished at his death. *See Karras v. Teledyne Indus., Inc.*, 191 F. Supp. 2d 1161, 1170–73 (S.D.Cal., 2002). Most of the amended complaint's claims arise under state law. The parties are obviously not diverse, so the Court's power to adjudicate the claims depends on whether the amended complaint includes one or more claims arising under federal law, and the state-law claims are part of the same case or controversy. *See* 28 U.S.C. § 1367.

The amended complaint brings three broad claims. Of those, only the first includes claims brought by Marrapese, Jr. The remainder of the first claim, as well as the second and third claims, are putatively brought on behalf of Marrapese, Sr.  Marrapese, Jr. was kept from seeing his father, Marrapese, Sr. while the latter was in the hospital receiving treatment. It concludes that this was done in retaliation for Marrapese, Jr.'s "protesting Sr.'s plight in non-violent way." (Am. Compl., 2:9–12.) In order to state a claim, Marrapese, Jr. must plead facts that, accepted as true, state a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible based on pleaded facts, not based on a plaintiff's own legal conclusions. *Id*.

To state a claim for violation of First Amendment rights based on retaliation, a plaintiff must show that Defendants acted so as to deter or chill the plaintiff's speech, and whether such deterrance was a substantial or motivating factor in their conduct. *Lacey v. Maricopa County*, 693 F.3d 896, 916 (9th Cir. 2012). A plaintiff need not show that his speech was actually inhibited or suppressed, but rather whether the official's acts would chill or silence a person of ordinary firmness. *Id*. Such a claim would be brought under 42 U.S.C. § 1983.

The Defendants in this case are the University of California Board of Regents, and the UCSD Medical Center. What either or both of these Defendants did is not alleged in either the original complaint or the amended complaint. The original complaint alleges that "UCSD police" and the UCSD Medical Center's "senior management" removed him from the

hospital, claiming that he was disrupting his father's medical treatment. The complaint never alleges who did these things, nor does it allege facts showing he had any right to be present in the hospital or authority to direct his father's medical treatment. It also does not allege facts showing anyone took actions that would chill or silence a person of ordinary firmness.

There is no *respondeat superior* liability under § 1983; rather, government officials are liable only for their own conduct. *Maxwell v. County of San Diego*, 708 F.3d 1075, 1097 (9th Cir. 2013). A supervisor may be liable where the supervisor participated in the violation, however. *See id.* To state a claim, the complaint must allege facts showing that the supervisor breached a legal duty to the plaintiff, that the breach was the proximate cause of the plaintiff's constitutional injury, and that the supervisor had the required *mens rea* as would be required for a direct violation of the plaintiff's rights. *Id*. The amended complaint alleges none of these things, nor are any officials even named as Defendants.

Because it doesn't appear the Court has jurisdiction over the claims raised in the amended complaint, it is **DISMISSED WITHOUT PREJUDICE**. If Marrapese, Jr. thinks he can correct the defects this order has identified, he may do so by filing a second amended complaint no later than **June 5, 2013**. A second amended complaint that does not comply with this order or does not state a cognizable claim over which this Court can exercise jurisdiction will be dismissed without leave to amend.

**IT IS SO ORDERED**.

DATED: May 22, 2013

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge