**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD J. MARRAPESE JR., et al., | CASE NO. 13cv947-LAB (BGS) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| vs. | |
| UNIVERSITY OF CALIFORNIA BOARD OF REGENTS, et al., | |
| Defendant. | |

On May 23, 2013, the Court, carrying out its obligation to examine and confirm its own jurisdiction before proceeding further, *see Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011) (en banc), examined and dismissed Plaintiff Richard J. Marrapese, Jr.'s amended complaint for lack of jurisdiction, and gave him leave to file a second amended complaint no later than June 5, 2013 correcting the defects in the earlier complaint.

The Court's order pointed out that the amended complaint hadn't identified any basis for the Court's exercise of jurisdiction. Most of the claims arose from medical treatment given to Marrapese, Jr.'s father, Richard Marrapese, Sr. at the University of California at San Diego hospital. Marrapese, Jr. thought the treatment was inappropriate. He also blamed hospital personnel for causing unnecessary suffering and improperly preventing him from visiting his father. Some of the claims were brought on behalf of Marrapese, Jr. and some on behalf of

Marrapese, Sr.'s estate. To the extent these claims are valid, they arise under state law, and the parties are not diverse.

The only federal claim appeared to be a claim under 42 U.S.C. § 1983 for retaliation against Marrapese, Jr. based on exercise of first amendment rights. In particular, Marrapese, Jr. thought unspecified officials were retaliating against him for protesting their actions, by preventing him from going to his father's hospital room. But that claim was clearly insufficiently pleaded, and the order pointed out the deficiencies. Among other things, the order mentioned that Marrapese, Jr. was required to plead facts, not merely his own legal conclusions, showing that he was entitled to relief. The order pointed out the kinds of facts Marrapese, Jr. was required to plead. It also told him he was required to name the officials as Defendants. Because the First Amendment claim was the only federal claim and the parties are not diverse, the Court cannot exercise supplemental jurisdiction over the remaining state-law claims until a federal claim is pleaded.

The Court also told Marrapese, Jr. he had to name as a Defendant anyone he was bringing his § 1983 claims against. Initially, he named only the University of California regents and UCSD Medical Center as Defendants, which the Court told him would not suffice.

Marrapese, Jr. has now filed a second amended complaint (the "SAC"), but it is worse than before. The SAC doesn't have a caption and doesn't name any Defendants at all.[1] Instead of adding factual allegations, it dispenses with most of them, and discusses pleading standards. The allegations, such as they are, are nearly all conclusory (*e.g.*, "I allege broad conspiracy/misconduct by defendants. I have stated numerous detailed events, only deposition testimony could delve further.") In place of most of the allegations, Marrapese,

---

[1] The Court previously told Marrapese, Jr. he had to name Defendants, not merely allude to them in allegations in the body of the complaint. Because the SAC has neither a caption or anything equivalent to a caption that identifies who the parties are, it has again failed to name any Defendants. *See* Fed. R. Civ. P. 10(a). The body of the complaint, referring to an attached letter, argues the UCSD regents are appropriate Defendants but is ambiguous as to whether others would also be appropriate. But in any case, voicing disagreement with the Court's earlier order regarding naming proper Defendants will not suffice.

Jr. has attached several exhibits, some hand-annotated or highlighted, which apparently he thinks make his allegations for him.

The Court cannot comb through Marrapese, Jr.'s exhibits and create arguments for him. *See Williams v. Dept. of Veterans Affairs*, 2010 WL 3788843, at *1 (S.D.Cal., Sept. 22, 2010) (citing *Jacobson v. Filler*, 790 F.2d 1362, 1364–66 (9th Cir. 1986)).  That being said, the exhibits show conclusively he cannot plead a First Amendment claim.  (*See* Compl. at 9–14.)

The exhibits show that Marrapese, Jr. was in the hospital where his father, Richard Marrapese, Sr., was in a vegetative state and on a respirator or ventilator. A nurse identified only as Julie became suspicious when Marrapese, Sr.'s ventilator settings were changed at a time when Marrapese, Jr. was the only other person in the room. Julie also reported that Marrapese, Jr. attempted to hit hospital security, something Marrapese, Jr. denied. Hospital personnel were also seeking to transfer or discharge Marrapese, Sr., which Marrapese, Jr. would not agree to. At some point, Marrapese, Jr. was barred from the campus for attempting to change his father's ventilator settings. He returned, however, and engaged in a sit-in inside the hospital, protesting his father's medical treatment. As a result, someone at the hospital called either security or police and Marrapese, Jr. was removed and taken for a mental evaluation. The records show the focus of the evaluation was to determine whether Marrapese, Jr. was a danger to himself or others.  After the evaluation, he was released.

While it is understandable that someone might casually conclude there is a First Amendment claim lurking here, the Court's previous order explains why there is none. First, the sequence of events is inconsistent with retaliation. After the nurse reported him for changing his father's ventilator settings and trying to hit a security officer (neither of which is protected by the First Amendment), other hospital personnel questioned him and decided to ban him from the hospital. After being banned, he engaged in the sit-in as a protest against the ban. But because he was banned before protesting and not after, it is clear the ban was not retaliation for the sit-in protest. His removal from the hospital on a later occasion is attributable to this earlier ban.

Second, the violation Marrapese, Jr. is trying to identify was the product of a good deal of independent action by different people over time, including a nurse, a number of hospital employees and doctors, and the security officers or police who took him away for a mental evaluation. The ones he ultimately blames were those who decided to have him removed from the hospital; but he doesn't allege who they were nor do his exhibits shed any light on it. They do say he was brought in for a psychiatric evaluation by police, but don't say whether police made the decision that he should be removed from the hospital and given a psychiatric evaluation, or whether someone else did. But in any event there is no suggestion the ones he blames were directing or otherwise responsible for the actions of everyone else, including the nurse who reported Marrapese, Jr. or the doctors who did his psychiatric evaluation. The only way to hold the decision-makers responsible for the actions of everyone else would be through some kind of *respondeat superior* liability, which does not exist under § 1983. *See Maxwell v. County of San Diego*, 708 F.3d 1075, 1097 (9th Cir. 2013).

The complaint argues, without providing any support, that the estate of Marrapese, Sr. has a § 1983 claim. But no such claim has ever been brought in this case, and it is clear Marrapese, Sr., who was in a vegetative state at the time in question, was not seeking to exercise First Amendment rights. The complaint also says it is bringing a claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), but *Bivens* actions are brought against federal officials only, not state officials or employees. *See Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991).

It may be that Marrapese, Jr. could raise some kind of meritorious claim under state law, but it is clear he has no substantial federal claim. This prevents the Court from exercising supplemental jurisdiction over the case as a whole. *See Hoeck v. City of Portland*, 57 F.3d 781, 785 (9th Cir. 1995) (citing 28 U.S.C. § 1367(a)) ("District courts have discretion to hear pendent state claims where there is a substantial federal claim arising out of a common nucleus of operative fact.") It may be that Marrapese, Jr. could successfully pursue his claims in state court. But federal courts have limited jurisdiction and can only act within their jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994).

The Court's previous order cautioned Marrapese, Jr. that a second amended complaint not in compliance with the order would result in dismissal without leave to amend further. This, coupled with Marrapese, Jr.'s repeated failure to amend successfully when given an opportunity to do so, merits dismissal of the complaint without leave to amend. And as discussed above, the exhibits Marrapese attached to the SAC in lieu of making allegations make clear he cannot plead a claim over which the Court would have jurisdiction, even if he were given additional opportunities to do so.

The SAC is therefore **DISMISSED** and this action in its entirety is **DISMISSED WITHOUT PREJUDICE** to his refiling it in a court of competent jurisdiction, but **WITHOUT LEAVE TO AMEND** in this Court. The Clerk is directed to close the docket.

**IT IS SO ORDERED**.

DATED: June 6, 2013

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge